1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIE J. WOODS,

11          Petitioner,              No. CIV-06-2637 LKK KJM P

12      vs.

13   ROBERT A. HOREL,                ORDER AND

14          Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner is a California prisoner proceeding pro se with a petition for writ of

17   habeas corpus under 28 U.S.C. § 2254.  Petitioner currently is serving a sentence of seventeen-

18   years-to-life imprisonment for second degree murder, imposed in 1988.  Respondent has filed a

19   motion to dismiss, arguing in essence that petitioner's February 8, 2007 amended petition is too

20   vague.

21          In his amended petition, petitioner challenges the fact that he has not yet been

22   paroled.  See, e.g., Am. Pet. at 5.  The only arguably cognizable federal claim[1] petitioner presents

23   is that the decision to deny him parole was not supported by "some evidence" that releasing

24   /////

25   _____

26      [1] Claims arising under state law are not cognizable in a § 2254 action.  28 U.S.C.
     § 2254(a).

1

1  petitioner unreasonably endangers public safety.  See Irons v. Carey, 505 F.3d 846, 851 (9th Cir.

2  2007).

3          While petitioner asserts he has been denied parole without the evidence required

4  under the Constitution to support such a decision, petitioner fails to present any facts related to

5  his case in support of this argument in his petition.  Petitioner fails even to challenge a particular

6  parole board decision; it is not clear how many times petitioner has been denied parole and which

7  denials petitioner believes resulted in a violation of his Constitutional rights.  Rather, petitioner's

8  habeas petition is primarily a discussion of law without any discussion of facts applicable to him.

9          Notwithstanding the foregoing, the court acknowledges petitioner's request that

10 the court take "judicial notice" of certain excerpts of transcripts of parole proceedings.  It appears

11 from this request that petitioner is suggesting that the parole denials he wishes to challenge are

12 those referenced in the transcript excerpts.  The excerpts are part of the record before the court as

13 an attachment to petitioner's opposition to respondent's motion to dismiss and may be

14 considered for any appropriate purpose.  There is no need to "judicially notice" the transcripts;

15 even if the court did it would not alter the conclusion reached here.

16         Given that petitioner might be able to further amend his petition to incorporate the

17 requisite factual support for his claims, and his status as a pro se litigant, the court ordinarily

18 would be inclined to grant petitioner leave to amend to cure the deficiencies in his habeas

19 petition.  Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) (pleadings by pro se litigants

20 should be construed liberally).  However, even properly supported claims cannot be granted on

21 habeas review unless a petitioner has first presented the claims to the California Supreme Court.

22 28 U.S.C. § 2254(b)(1).  There is no indication before the court that petitioner presented any

23 claims other than those presented in his amended habeas petition to that court.  See Am. Pet. at 3

24 (response to question 11 indicates claims presented to the state court contained "same grounds

25 raised in this petition").  Therefore, it does not appear petitioner could amend his habeas petition

26 to proceed here without running afoul of the exhaustion requirement.

1    Because any attempt to amend would be futile, the court will recommend that

2 petitioner's amended application for writ of habeas corpus be dismissed.  See O'Bremski v.

3 Mass, 915 F.2d 418, 420 (9th Cir. 1990).

4    In accordance with the above, IT IS HEREBY ORDERED that petitioner's July 2,

5 2007 request for judicial notice is denied.

6    IT IS HEREBY RECOMMENDED that:

7    1.  Respondent's June 5, 2007 motion to dismiss be granted; and

8    2.  This action be dismissed.

9    These findings and recommendations are submitted to the United States District

10 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

11 days after being served with these findings and recommendations, any party may file written

12 objections with the court and serve a copy on all parties.  Such a document should be captioned

13 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

14 shall be served and filed within ten days after service of the objections.  The parties are advised

15 that failure to file objections within the specified time may waive the right to appeal the District

16 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17 DATED:  January 28, 2008.

18

19 _____

20 U.S. MAGISTRATE JUDGE

21

22

23

24

25

26

1
wood2637.157(1)